HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD RINEHART,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

Case No. C08-05486-RBL

ORDER DENYING TRIAL BY JURY ON ISSUE OF PUNITIVE DAMAGES

THIS MATTER having come before the Court on Plaintiff's motion for trial by jury on the issue of punitive damages under Washington State's Insurance Fair Conduct Act (IFCA), RCW 48.30.015 [Dkt. #10]. For the reasons set forth below, the motion is DENIED.

**I. Background**

The facts pertinent to this motion are uncontested. Plaintiff, Edward Rinehart, was employed by Providence Health & Services when he became disabled on August 8, 2005 [Dkt. #17, Ex. I]. Providence Health and Services sponsored a long term disability insurance plan (the Plan) for its employees provided by Defendant, Life Insurance Company of North America (LINA). Under the Plan, Plaintiff was to receive long term disability payments from LINA during the time he remained disabled. On October 10, 2007

LINA notified Plaintiff that it was terminating all disability payments due to an evaluation indicating that Plaintiff was no longer disabled as defined by the Plan [Dkt. #17, Ex. A]. In canceling Plaintiff's disability payments, LINA cited medical evaluations finding, among other things, that Plaintiff's right knee showed marked improvement allowing him to perform at least sedentary work. LINA relied on at least one medical evaluation determining that Plaintiff's knee injury had improved making him able to perform sedentary work [Dkt. #1]. Therefore, under the terms of the Plan, Plaintiff was no longer entitled to disability payments [1]. *Id.*

After the October 10, 2007 termination of benefits, Plaintiff appealed the decision with LINA sometime in October or November 2007 as indicated in a letter sent by LINA to Plaintiff dated November 27, 2007 [Dkt. #17, Ex. C]. Nine days after the November 27th letter, Washington state passed the IFCA on December 6, 2007. Finally, eleven days after the IFCA was passed, LINA notified Plaintiff that his appeal had been denied [Dkt. #17, Ex. E].

Plaintiff claims, among other things, that the initial termination of his disability payments and the subsequent denial of his appeal constitute a violation of the IFCA [Dkt. #1]. He claims that both acts were conducted in bad faith and that pursuant to the IFCA he is entitled to punitive damages. Plaintiff requests that the Court allow the issue of punitive damages to go to the jury; however, because Plaintiff cannot support his claim as a matter of law, his motion is DENIED.

## II. Discussion

When the IFCA took effect on December 6, 2007 it provided plaintiffs with a new cause of action against insurance companies for unreasonably denying an insured's coverage. RCW 48.30.015. The

---

[1] Under the terms of the plan, an insured's disabled status was evaluated differently after 24 months [Dkt. #17, Ex. I]. If after 24 months, the disabled person was able to "perform all material duties of *any* occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience . . ." then the benefits would be terminated. *Id.* By definition, sedentary occupations fall under this category for which Plaintiff was deemed fit.

statute allows courts to award treble damages to plaintiffs upon finding that an insurance company unreasonably denied an insured's benefits. *Id*. Plaintiff requests that the Court declare that the issue of treble damages go to the jury; however, because the alleged unreasonable conduct occurred before IFCA was enacted, the Court does not reach this issue.

Precedent is clear and Plaintiff does not contest that the IFCA is limited to conduct occurring after December 6, 2007. Federal courts in Washington state have unanimously refused to apply the IFCA retroactively. *See eg., Malbco Holdings v. Amco Insurance Co.*, 546 F.Supp. 2d 1130 (E.D. Wash 2008); *Scanlon v. Life Insurance Company of North America*, Case No. C08-0256-JCC (W.D. Wash December 12, 2008). Moreover, Plaintiff recently abandoned his argument that the IFCA should apply retroactively in this case[2] [Dkt. #17].

However, Plaintiff argues that the denial of his claim on appeal, which occurred after the IFCA had taken effect, constitutes an independent unreasonable action under the terms of the IFCA availing him of protection under the new law. Specifically, Plaintiff argues that in its appellate review of his claim, LINA failed to consider whether Plaintiff was disabled under the terms of the Plan by the continuing effects of Crohn's disease, osteoarthritis, chronic pain and the effects that narcotics had on his ability to work in any capacity [Dkt. #1]. While there may be evidence that LINA failed to consider these factors in its appellate review, the initial denial, or "precipitating event," occurred prior to December 6, 2007, and as such the IFCA does not apply.

Plaintiff's argument is analogous to the plaintiff's unsuccessful argument in *Scanlon*. Case No. C08-0256-JCC. The plaintiff in *Scanlon* sought benefits she claimed were due pursuant to a life insurance policy after her husband died. *Id.* at 2. The insurance company denied the plaintiff's claim before

---

[2]Plaintiff stated in supplemental briefing that "[f]or the purposes of this case, Plaintiff will agree that the jury should be instructed that it can only consider facts occurring on or after December 6, 2007 as a basis for finding liability under Count III of Plaintiff's complaint" [Dkt. #17].

ORDER
Page - 3

December 6, 2007. *Id*. After the IFCA was enacted, the plaintiff appealed the insurance company's decision. *Id*. In her appeal, she provided the insurance company with additional information not considered in the first denial. *Id.* at 13. After being denied on appeal, plaintiff brought suit under the theory that her subsequent appeal was denied on a different basis and as such should qualify as the "operative" denial. She argued that this "operative" denial qualified as unreasonable conduct occurring after the IFCA was enacted making the claim available for her suit. *Id*. The court rejected plaintiff's contention finding that the original denial was the "precipitating event" behind her claim. *Id*. The court found that allowing a plaintiff to simply resubmit her claim framed as a new or continued violation would circumvent the legislature's intent that the IFCA apply only prospectively. *Id,* citing *Malbco*, 546 F.Supp. 2d 1133-34.

Like the plaintiff in *Scanlon*, Mr. Rinehart attempts to re-frame his claim to avail himself of the protections of the IFCA. In his appeal, Mr. Rinehart notes that the first denial of benefits issued by LINA failed to mention other possible impairments like Crohn's disease [Dkt. #1]. He notes that the only medical evaluation discussed in the October 10, 2007 letter was the evaluation concerning the improved health of his right knee. [Dkt. #17, Ex. A]. Therefore, he claims, it was unreasonable under IFCA to deny his appeal without considering other indicia of disability. However, Plaintiff's claim cannot succeed because, like the time-line in *Scanlon*, the time-line here shows that the precipitating event occurred before the IFCA was ever enacted. By denying Plaintiff's claim on October 10, 2007 LINA effectively denied insurance coverage to Plaintiff as of that date. Plaintiff's only cause of action stems from that date, and not from any subsequent denial on appeal.

*//*

*//*

### III. Conclusion

The IFCA does not apply retroactively. Because Plaintiff cannot show the Court that the precipitating event, to wit the original denial of his insurance coverage, occurred after December 6, 2007, his IFCA claim must be DENIED as a matter of law.

IT IS SO ORDERED.

Dated this 2nd day of March, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE