HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD RINEHART,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.

Case No. C08-05486-RBL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of Documents Relating to Handling of Claims. [Dkt. #54]. Plaintiff seeks to compel the discovery of documents relating to evaluations and reviews of its claim practices [Requests No. 30 & 31], and personnel files, including performance evaluations, of the employee(s) who handled plaintiff's claim [Requests No. 42 & 43]. *See* [Dkt # 54]. The Court has reviewed the relevant materials filed for and against the motion and does not require oral argument to resolve the issue presented in the motion. For the reasons stated below, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART.

ORDER
Page - 1

Plaintiff served LINA with document requests on January 15, 2009. [*See* First Set of Requests for Production of Documents Pursuant to F.R.C.P. 34, Dkt. # 54; Ex. 1]. On February 26, 2009, LINA responded, and subsequently produced a complete copy of Mr. Rinehart's claim file. [Babb Decl. ¶2, Ex. A; Dkt. #65]. LINA objected to document requests Nos. 30, 31, 42, and 43. On May 19, 2009, the parties conferred to resolve outstanding discovery issues. On June 16, 2009, Plaintiff filed this motion to compel responses to document requests nos. 30, 31, 42, and 43. [Dkt. #54]. Plaintiff seeks responses to these requests to establish "how [LINA] evaluates, investigates and handles claims from its insureds, and trains and provides incentives to its claim personnel." [Pltff.'s Mtn. 2:14-19; Dkt. # 54].

**I. LINA May Not Withhold Documents Related to the Review or Evaluation of Its Claim Procedures and Practices (Document Requests No. 30 & 31).**

Plaintiff has requested that LINA "[p]roduce all documents that concern, reflect and/or relate to any investigation, evaluation, or due diligence review of the claim practices an other entity performed by or on your behalf." [Request No. 30; Dkt. # 54, Ex. 1 at 13:7-15]. Plaintiff has also requested that LINA "[p]roduce all documents that refer, reflect or relate to any closed file review conducted by or on behalf of you of claims made on defendant policies." [Request No. 31; Dkt. #54, Ex. 1 at 13-21-14:2]. LINA has objected to both these requests as "overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."[1] [Dkt. # 54; Ex. 1 at 13:8-14:6].

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. FED.R.CIV.P. 26(b)(1). Requests No. 30 and No. 31 seek to discover "documents of internal or third-party reviews of a defendant insurer's claim practices," which are related Plaintiff's bad faith claim. [Dkt. #54 at 6:14-16]. These requests seek "any independent or internal reviews of LINA's claim handling practices." [Dkt. #69 at 3:8-10]. Furthermore, responses to Document Requests Nos. 30 and 31 could establish "how the defendant .

---

[1]LINA's objection that "[a]s an ERISA case, discovery is limited to the administrative record" is no longer valid. *See* [Dkt. #39].

. . evaluates and handles claims from its insureds, and trains and provides incentives to its claim personnel." [Dkt. #54 at 3:14-17].

LINA asserts that it has agreed to provide "its claims manual [index] (and subsequent sections by opposing counsel), job descriptions, and certain training materials" following the entry of a protective order. [Dkt. #62 at 3:6-12]. These documents, however, are not responsive to Requests No. 31 and 32. LINA also claims that plaintiff's requests are "irrelevant" and "nearly unlimited in scope." [*Id.* at 4:14-17]. The information sought is reasonably calculated to lead the discovery of admissible information regarding Plaintiff's breach of covenant of good faith and fair dealing claim. LINA's form objection that the request is "nearly unlimited" is unconvincing. [*See* Dkt. #54; Ex. 1 at 13-14 ("Plaintiff *further limits* this request by stating that [he] does not seek the production of any claim [files] of individuals other than plaintiff that may be responsive to this request.")(emphasis added)]. Moreover, LINA provides no particular or specific facts in support of its conclusory contention that responding to the requests would be unduly burdensome. Plaintiff's Motion to Compel complete discovery responses to Requests No. 30 and 31 is hereby GRANTED.

**II. Plaintiff Has Not Presented A Specific and Compelling Reason to Allow Discovery of Employee Personnel Files (Document Requests No. 42 & 43).**

Plaintiff has requested "[f]or each individual and/or unit involved in investigating, evaluating, or handling plaintiff's disability benefits claim under the Policy, produce all documents that evaluate the performance of such individuals or units with respect to their claim handling activities." [Request No. 42; Dkt. #54, Ex. 1 at 18:9-11]. Plaintiff also has requested "[f]or each individual and/or unit involved in investigating, evaluating, or handling [plaintiff's] disability benefits claim under the Policy, produce all documents that contain criteria for evaluating the performance of such individuals and/or units." [Request No. 43; *Id.* at 19-23]. Plaintiff contends the responses to these requests will help him establish how LINA "evaluates, investigates and handles claims from its insureds and provides incentives to its claim personnel" and "whether such handling [similar to the handling of Mr. Rinehart's claim] is part of a larger policy or practice." Plaintiff asserts that

this information is "central to the case." [Pltff.'s Mtn. 2:15-19; Dkt. No. 54].

Citing *Ivy v. Outback Steakhouse, Inc*, 2006 WL 3813555 (W.D. Wash. 2006), Plaintiff argues that privacy concerns should not prevent discovery of the Mr. Rinehart's claim handlers' personnel files. In *Ivy,* the court ruled that privacy concerns do not prevent the discovery of requested personnel files of all supervisors or managers of the employee. This case is distinguishable. In *Ivy*, the plaintiff alleged sexual harassment of a co-worker in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, and the Washington Law Against Discrimination, RCW 49.60.030. While an employees' personnel records may be relevant to establishing an employment discrimination or civil rights claim, plaintiff does not need the private personal information found in employment records - which may include tax returns, income statements, performance evaluations, and disciplinary records - to establish its claims against LINA. LINA, not the individual employees who handled Mr. Rinehart's claim, is the defendant. It is LINA's conduct, not the individual employees' conduct, that is at issue.

Information regarding LINA's incentive programs may be relevant, but the discovery of personnel employment records is unlikely to lead the discovery of relevant information. Should Plaintiff seek information regarding the "larger policy or practice" or of how it trains and provides incentives for its employees, or general information regarding the criteria and process used to evaluate employee performance, Plaintiff may narrow its discovery request. Plaintiff's Requests For Production No. 42 and No. 43 is hereby DENIED.[2]

---

[2]The Court has reviewed Defendant's Surreply [Dkt. #74] requesting that the Court strike the Declaration of Kenneth Friedman [Dkt. #70] from the record. The declaration does not effect the outcome of the Court's decision. Therefore, Defendant's Motion to Strike is DENIED.

### III. Conclusion

Plaintiff's Motion to Compel responses to Document Requests No. 30 & 31 is hereby GRANTED. Because Plaintiff has not given a compelling reason for the need of the personnel files of the insurance claim handlers, Plaintiff's Motion to Compel responses to Document Requests No. 42 & 43 is DENIED.

IT IS SO ORDERED.

Dated this 27th day of July, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE