THE HONORABLE RONALD B. LEIGHTON
THE HONORABLE ROBERT J. BRYAN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| EDWARD RINEHART,<br><br>                Plaintiff,<br><br>   v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>                Defendant. | No. C08-5486 RBL<br><br>**STIPULATED PROTECTIVE ORDER** |
| LAUREL EDWARDS,<br><br>                Plaintiff,<br><br>   v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>                Defendant. | NO. CV09-5234-RJB |
| AUDREY ORM,<br><br>                Plaintiff,<br><br>   v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>                Defendant. | NO. CV09-5356-RBL |

STIPULATED PROTECTIVE ORDER - 1

This Matter, having come before the Court by Joint Motion of the above-identified Plaintiffs and Defendant Life Insurance Company of North America (LINA); it further appearing that documents produced – or which may later be produced – may constitute trade secret and/or other confidential research, development, competitive or commercial information as such terms may be defined and used under the laws of the State of Washington; and it further appearing that judicial economy will be served by entering of this Order.

The Court hereby orders that the subjoined Stipulated Protective Order be entered.

## I. STIPULATION

These identified lawsuits may involve the production of technical, business, and personal financial information. Certain of the information to be exchanged by the parties, and certain of the information that may be filed with the Court, may be of a proprietary, confidential, and sensitive nature, the disclosure of which could lead to competitive disadvantage or loss of privacy rights. It is the purpose of this stipulation and protective order (the "Protective Order") to allow the parties to have reasonable access to information from other parties and third parties while protecting information that may be of a proprietary, trade secret, confidential, sensitive, and/or private nature without frequent resort to determinations of discoverability by the Court or a discovery referee. Accordingly, Plaintiff, through its undersigned counsel; and Defendant, through his undersigned counsel, hereby stipulate and agree to a protective order pursuant to FED. R. CIV. P. 26(c), and respectfully request that the Court approve the parties' stipulation, as follows:

### 1. Confidential Information

"Confidential Information" means any information disclosed in this lawsuit, whether disclosed in a discovery response, during a deposition, by way of a written statement in a

STIPULATED PROTECTIVE ORDER - 2

document, or otherwise, that a party designates as "confidential," irrespective of who produced the information, and that relates to the following:

    a.    Trade secret information, as defined in the Uniform Trade Secrets Act (RCW 19.108.010) or similar or equivalent law;

    b.    Proprietary and competitive business information;

    c.    Personal information, where disclosure of that information would violate a person's privacy, including, but not limited to, any such information contained in insurance files and employment files; and

    d.    Financial information (including, but not limited to, tax returns, financial statements, banking records, brokerage records, and electronic data containing financial information).

A "person" includes any natural person and, where relevant, a corporation or other entity. The parties have agreed, for purposes of this Protective Order only, that the standard for determining whether a person's privacy would be violated is based on the standard set forth in the Washington Public Records Act, RCW 42.56.050, which provides as follows:

> A person's "right to privacy," "right of privacy," "privacy," or "personal privacy," as these terms are used in this chapter, is invaded or violated only if disclosure of information about the person: (1) Would be highly offensive to a reasonable person; and (2) is not of legitimate concern to the public.

Notwithstanding any other provision in this Protective Order, the Protective Order does not apply to information that is publicly available.

**2.**     **Designating Confidential Information**

A party may designate any document produced in discovery that the party believes in good faith to be Confidential Information by stamping the word "CONFIDENTIAL" thereon. Even if not initially stamped "CONFIDENTIAL" prior to production, all parties reserve the right to later identify as confidential any documents produced for inspection and selected by the receiving party for copying. Such Confidential Information, marked "CONFIDENTIAL,"

STIPULATED PROTECTIVE ORDER - 3

may not be utilized or disclosed by the receiving party, its agents or its employees, except in accordance with the terms of this Order.

A party may also, at any time, designate as "CONFIDENTIAL" any documents produced by a third party that the party believes, in good faith, to contain Confidential Information.

Deposition testimony that a party reasonably believes will contain Confidential Information may be taken in the presence of only persons entitled to access to such information pursuant to this Order, and may be designated as "CONFIDENTIAL" by the party making an appropriate statement on the record, in which case the reporter must stamp or write "Contains Confidential Information" on the cover of the transcript. The portions of any Deposition testimony containing material designated as Confidential Information under this Protective Order must be treated as such as discussed below.

Any party seeking to use information designated as Confidential Information during a deposition must seek the deponent's agreement on the record to abide by the terms of this Protective Order. If the deponent refuses to assent, disclosure of such information to the witness during the deposition does not constitute a waiver of confidentiality. Under such circumstances, the witness must be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits may be given to the deponent.

The failure to designate all or a portion of the record as confidential does not preclude a party from designating all or a portion of the transcript as confidential within thirty (30) days after the parties receive the complete deposition transcript. During that period, a party may notify the other parties in writing that the deposition testimony includes Confidential Information. The party claiming confidentiality must designate specific portions of the transcript and any exhibits as Confidential Information and must give written notice to opposing counsel of the specific portions of transcripts and specific exhibits which have been

STIPULATED PROTECTIVE ORDER - 4

designated as confidential. Only such designated portions and exhibits will be confidential at the expiration of the 30-day period. During and after the deposition, until the expiration of the above-described 30-day period, the entire transcript and any information derived therefrom may be disclosed only pursuant to the terms of this Protective Order. If, however, portions of the transcript must be filed in court within the 30-day period, the designating party must move for protection of those portions as soon as practicable after the filing.

The designating party bears the burden of demonstrating that good cause exists for any document to be designated as Confidential Information. Moreover, notwithstanding the designation as "CONFIDENTIAL" of any testimony, documents, or other material as provided above, such documents, testimony, and material will not in fact be deemed Confidential Information and will not be subject to this Order, if it is shown that the substance thereof:

    a.    Is, at the time of disclosure by the designating party, public knowledge by publication or otherwise;

    b.    Becomes at any time, through no act or failure to act on the part of the receiving party and without breach of any obligation of confidence, public knowledge;

    c.    Is, at the time of disclosure by the designating party, already in the possession of the receiving party, having not been acquired directly or indirectly from the designating party; or

    d.    Has been made available to the receiving party by a third party who obtained the same by legal means and without any obligation of confidence to the designating party.

**3.**     **Reasonable Efforts / Inadvertent Disclosure**

The parties must use reasonable efforts to designate Confidential Information only as necessary to protect their respective interests. Any document, testimony, or material not

STIPULATED PROTECTIVE ORDER - 5

designated as "CONFIDENTIAL" will not be covered by this Protective Order. If any party inadvertently produces or discloses any Confidential Information without marking it with the appropriate legend, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Order. The new designation will be effective upon receipt of such notification and must be implemented by the receiving party as soon as practicable. Disclosure by any party of such information prior to notice of the confidential nature thereof will not be deemed a violation of this Protective Order.

**IT IS HEREBY ORDERED THAT:**

1. <u>Protection of Confidentiality</u>. Confidential information and any notes, summaries, digests, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by litigation counsel for Plaintiff and/or Defendant and shall not be disclosed to any person except as provided herein. Persons to whom access to Confidential Information is given pursuant to this Order shall keep such information and any copies, abstracts, digests or summaries and descriptions thereof secure in accordance with the purposes and intent of this Order.

2. <u>Access to Confidential Information</u>. Counsel shall be governed by the following restrictions in its use of the Confidential Information produced to it and as to the information derived therefrom:

   a. Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case. For that purpose only, Counsel may disclose such information to the Court and its employees, court reporters, independent expert witnesses or potential expert witnesses retained by Counsel for Plaintiff, and such other persons as may be agreed upon by the parties in the future, said agreement to be in writing signed by Counsel for all parties.

   b. Before disclosure of Confidential Information to any person as permitted by the preceding paragraph (other than the Court and its employees), such person

STIPULATED PROTECTIVE ORDER - 6

shall read a copy of this Order and sign an Agreement to Respect Confidential Information attached hereto as Appendix "A" (the "Agreement"). Counsel shall maintain a copy of all Agreements signed by such persons and shall furnish copies to opposing Counsel upon its request. No Confidential Information shall not be disclosed to any person who refuses or has failed to sign the Agreement. In the event any person who has signed an Agreement refuses to comply therewith or fails to adhere to the terms thereof, Counsel shall make no further disclosure to such person and shall immediately notify opposing Counsel in writing.

3. <u>Limitation on Copying</u>. Confidential Information may be copied and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be considered Confidential and shall be subject to the provisions of this Order.

4. <u>Depositions</u>. Nothing in this Order shall prevent the use by Counsel of Confidential Information at depositions, with appropriate safeguards. At any deposition or portion thereof in which Confidential Information will be disclosed, opposing Counsel may require the deposition witness and/or court reporter to read and sign an Agreement if he or she has not already done so. Upon the request of opposing Counsel, deposition or other testimony shall be designated "Confidential" by the court reporter transcribing the deposition and marked "Confidential" by the court report, provided however, that if a deposition contains both allegedly confidential and non-confidential information, then only the confidential portion thereof shall be so designated. Opposing Counsel shall additionally have thirty (30) days after the deposition transcript has been made available to designate those portions of the deposition testimony or exhibits which he deems to contain or reveal Confidential Information. If documents or information designated Confidential are used in other depositions, such documents or information, and all portions of the transcript of such depositions and exhibits thereto which refer or relate to such documents or information, shall be treated as Confidential Information and, if filed with the Court, shall be filed under seal.

STIPULATED PROTECTIVE ORDER - 7

5. <u>Confidential Information to be Filed with Court Under Seal</u>.  All Portions of the pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce, summarize, or paraphrase Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication or the nature of the contents of such sealed envelope or other container, the words "Confidential Information" and a statement substantially in the following form:

**CONFIDENTIAL**

**This envelope contains information which has been designated as Confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its Clerks except for by Order of the Court, or upon the stipulation of the parties.**

6. <u>References in Open Court</u>.  Confidential Information may be used by Counsel in connection with any hearing or trial.

7. <u>Confidentiality Challenge</u>.  If any party to this lawsuit believes that designated Confidential Information should not be subject to this Protective Order, the party may provide written notification to the other parties.  The notice must clearly specify the designated information and the reason(s) for believing that the designated information is not properly subject to this Protective Order.  The designating party must respond within seven (7) days of receiving such notice.  The party contesting the confidentiality designation or the level of protection has the burden of bringing the dispute before the Court; however, the burden of establishing that the information qualifies as Confidential Information remains with the party who designated the information as such or who seeks to keep the information so designated.  Before making a motion, the challenging party must contact the designating party, and the parties must confer in good faith in an effort to resolve the dispute.  If such a motion is brought, the designated Confidential Information will remain subject to this Protective Order until the Court makes its determination.  At the time for hearing any such motion, the designating party or the party seeking to keep the information so designated will have the

STIPULATED PROTECTIVE ORDER - 8

burden of proving that the information designated as confidential should come within the protection of this Protective Order.

8. <u>Legal Process</u>.  In the event a recipient of Confidential Information produced in connection with this action receives any subpoena, other legal process or request directed at compelling the production of Confidential Information, that recipient shall immediately notify Counsel, in writing, so as to afford it ample opportunity to contest that subpoena, legal process or request.

9. <u>Disposition or Termination of Action—Return of Confidential Materials</u>. Within 60 days of the entry of an Order finally terminating this action, including all appeals, and unless Counsel agrees otherwise, in writing, Counsel and any other person receiving Confidential Information shall assemble and turn over to Counsel all materials, documents, summaries, digests and abstracts containing Confidential Information and all copies thereof, provided, however that Counsel may retain one set of pleadings, documents filed with the Court and depositions, and may retain any documents and copies thereof which are work product, said materials to remain subject to this Order. As to any items retained by Counsel, a complete list of same must be provided to opposing Counsel within the sixty (60) day period of the entry of an Order finally terminating this action.

10. <u>Costs, Damages and Sanctions</u>.  Counsel may be subject to sanctions for breach of this Protective Order and shall reimburse opposing Counsel for all reasonable attorney's fees and costs incurred as a result of a successful action initiated by opposing Counsel seeking sanctions for breach of this Protective Order.  Counsel shall also reimburse the opposing party for all reasonable attorney's fees and costs incurred as a result of any successful action initiated by opposing party to enforce this Protective Order. Nothing in this Protective Order limits either party the right to pursue other legal or equitable remedies available to it resulting from a breach of this Protective Order.

STIPULATED PROTECTIVE ORDER - 9

DONE IN OPEN COURT this 1st day of August, 2009.

             *[signature: Ronald B. Leighton]*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

  s/ Lincoln Sieler
Lincoln Sieler, WSBA No. 20774
Kenneth R. Friedman, WSBA No. 17148
Of Attorneys for Plaintiffs Edward Rinehart


  s/ Warren E. Babb, Jr.
Michael H. Runyan, WSBA No. 06986
Warren E. Babb, Jr., WSBA No. 13410
Of Attorneys for Defendant Life Insurance
 Company of North America

STIPULATED PROTECTIVE ORDER - 10

# APPENDIX "A"

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Protective Order in the case of _____ pending in the United States District Court for the Eastern District of Tennessee, a copy of which Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Protective Order and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in the Protective Order. I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidentiality Information which is disclosed, and that in the event I fail to abide by the terms of the Order, I may be subject to sanctions.

_____
Signature

STIPULATED PROTECTIVE ORDER - 11

120192.0048/1736642.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107