| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD RINEHART,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No. C08-05486-RBL<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CONSUMER PROTECTION ACT CLAIM |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment on the Washington State's Consumer Protection Act ("CPA") Cause of Action, RCW 19.86 *et seq*. [Dkt. #51]. On February 9, 2009, the Court determined that ERISA does not apply to Mr. Rinehart's claims. *See* [Dkt. #39]. Based on the Court's ruling that ERISA does not apply, Plaintiff now seeks an order determining that the Defendant violated the CPA by repeatedly "misrepresenting" that Rinehart's claim was governed by ERISA. *See* [Mtn. Summ. J. 2:4; Dkt. #51]. For the reasons set forth below, Plaintiff's Motion for Summary Judgment on the Consumer Protection Act Claim is DENIED WITH PREJUDICE[1].

---

[1] The Court has reviewed Plaintiff's Surreply [Dkt. #73] requesting that the Court strike the Supplemental Declaration of Sandra Coulsell [Dkt. #71] and the Supplemental Declaration of Timothy Flatt [Dkt. # 72] from the record. The declarations do not effect the outcome of the Court's decision. Therefore, Defendant's Motion to Strike is DENIED.

ORDER
Page - 1

# DISCUSSION

Edward Rinehart filed suit against LINA, alleging among other things, violation of the Washington State CPA, RCW 19.86 *et seq*. [Dkt. #1]. Prior to Plaintiff's moving for summary judgment on the ground that ERISA does not apply to his disability plan, LINA represented on multiple occasions that ERISA applied to his plan. Plaintiff now contends that LINA's representation was an unfair and deceptive trade practice.

## I. Summary Judgement Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## II. Plaintiff has not Established that LINA Violated the Washington State Consumer Protection Act

A Washington State Law CPA claim requires a showing of (1) an unfair or deceptive practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party, and (5) which injury is causally linked to the unfair or deceptive act. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 774 (Wash. 1986); *Anderson v. State Farm Mut. Ins. Co.*, 101 Wash.App.

323, 330 (2000). In terms of the first element, an insurer's bad faith conduct or its violation of any subsection of WAC 284-30-330 constitutes a per se unfair trade practice. *Bryant v. Country Life Ins. Co.*, 414 F.Supp.2d 981, 1002 (2006); *Industrial Indem. Co. of the Northwest, Inc. v. Kallevig*, 114 Wash.2d 907, 922 (1990). The second prong is satisfied where an action involves insurance contracts. *See Bryant*, 414 F.Supp.2d at 1003. Third, CPA claims alleging unfair insurance claims practices always meet the public interest element because RCW 48.01.030 declares that the "business of insurance is one affected by the public interest." *Id.* Fourth, a claimant must present some evidence showing injury caused by the violation. *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wash.App. 553, 563, 825 P.2d 714 (1992) ("There must be some evidence, however slight, to show injury to the claimants' business or property."). Finally, a plaintiff must show that the unfair or deceptive act caused his injury. *Hangman*, 105 Wash.2d at 785.

Plaintiff argues the first element is satisfied because LINA "in fact had the capacity to deceive." [Dkt. #51 at 9:20]. Defendant argues that adopting the capacity-to-deceive test would effectively impose a strict liability standard for all insurance companies. [Dkt. 59 at 8; FN28]. Under the capacity-to-deceive test, a plaintiff need not show that it intended to deceive, only that "the alleged act had the capacity to deceive a substantial proportion of the public." *Hangman,* 105 Wash.2d at 785. Plaintiff misinterprets an important point of law. The "capacity-to-deceive" test is not a stand-alone test for establishing an unfair or deceptive trade practice. The standard merely clarifies that the intention to deceive is not necessary to establish a CPA claim. *See State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wash.2d 298, 553 P.2d 423 (1976), *appeal dismissed*, 430 U.S. 952 (1977) ("plaintiff need not show that the act in question was intended to deceive, but that the alleged act had the capacity to deceive a substantial portion of the public"); *see also Testo v. Russ Dunmire Oldsmobile, Inc.*, 16 Wash.App. 39 (1976); *Haner v. Quincy Farm Chems., Inc.*, 97 Wash.2d 753 (1982).

While "[t]he purpose of the capacity-to-deceive test is to deter deceptive conduct before injury

ORDER
Page - 3

occurs," *See* 60 Wash. L. Rev. 925, 944 (1985), the CPA only provides redress when an unfair or deceptive trade practice *in-fact* occurs. Plaintiff cannot establish the first element simply by establishing that LINA had the "capacity-to-deceive."

Alternatively, Plaintiff argues that LINA's misrepresentation regarding ERISA applicability is a *per se* unfair or deceptive act because it violates WAC 284-30-330(1). Defendant contends that its representation was a good faith interpretation of existing law. A plaintiff claiming a per se violation of the CPA must demonstrate: (1) the existence of a pertinent statute; (2) its violation; (3) that such violation was the proximate cause of damages sustained; and (4) that plaintiff is within the class of people that the statue seeks to protect. *Coast to Coast Stores, Inc.,* 100 Wash.2d 147, 165 (1983). WAC 284-30-330(1) defines "[m]isrepresenting pertinent facts or insurance policy provisions" as unfair or deceptive acts or practices in the business of insurance.

Plaintiff relies on a prior case where LINA litigated the issue of ERISA applicability to argue that LINA should have known that ERISA does not apply to church-affiliated hospital plans, and when LINA represented that ERISA applied to the Plaintiff's plan it violated WAC 284-30-330(1). *See generally Okerman v. Life Insurance of North America*, 2001 WL 36203082 (E.D. Cal. 2001). In *Okerman*, the court independently arrived at a similar conclusion regarding ERISA's inapplicability to a comparable plan provided by a church-affiliated hospital. Like this Court's prior ruling in this case [Dkt. #67], the *Okerman* court held that ERISA does not apply where the church-affiliated employer had not made an election under 26 U.S.C. § 1003(b)(2). While this argument carries some weight, absent consistent rulings at the trial level (or a binding decision from a higher court) that ERISA does not apply to church-affiliated health plans without an express election, the Court is unwilling to find that LINA's representation of the applicability of ERISA to a church-affiliated hospital plan was an unfair or deceptive practice in violation of WAC 284-30-330(1).

Moreover, "acts or practices performed in good faith under an arguable interpretation of existing

ORDER
Page - 4

law do not constitute unfair conduct violative of the consumer protection law." *Perry v. Island Sav. and Loan Ass'n*, 101 Wash.2d 795, 810-811 (1984). "As long as the insurance company acts with honesty, bases its decision on adequate information, and does not overemphasize its own interest, an insured is not entitle[d] to base a . . . CPA claim against its insurer on the basis of the good faith mistake." *Griffin v. Allstate Ins. Co.*, 108 Wash.App. 133, 144-45 (2007); *see also Coventry Assocs. v. Am. States. Ins. Co.*, 136 Wash.2d 269, 281 (1998). "To establish a per se violation . . . [the Court] must find that [the insurer] had no reasonable justification for its conduct." *Starczewski v. Unigard Insurance*, 61 Wash.App. 267, 273 (1991). A misstatement of the nature of coverage may violate WAC 284-30-330, but there still must also be an injury to support a claim for damages. *Sheldon v. American States Preferred Ins. Co.*, 123 Wash.App. 12, 17-18 (2004).

LINA's representation regarding the applicability of ERISA to the plan was a reasonable interpretation of the law, which was based on representations that the plan sponsor had made to LINA. Prior to Plaintiff's request that the Court rule on ERISA's applicability to its plan, LINA believed that ERISA applied and acted in accordance with its belief. The plan operated as if it had been governed by ERISA, and Mr. Rinehart benefitted from its compliance with ERISA standards. LINA's multiple representations regarding ERISA's applicability to the subject plan in correspondence to Mr. Rinehart, is ample evidence of this belief. It was only after a formal motion was presented, that the Court ruled that ERISA was in fact not applicable to the plan.

Furthermore, Mr. Rinehart has suffered no injury. He has in fact brought state law claims, which have not been pre-empted. While the representation that ERISA applies to a non-ERISA plan may unfairly discourage a denied claimant from filing state law claims due to ERISA preemption, this is not the case here.

Plaintiff's Motion for Summary Judgment does not establish that LINA's conduct was "unfair or deceptive," which is an essential element of any claim brought under the CPA. LINA's representation

that ERISA governed Mr. Rinehart's long term disability plan was a reasonable interpretation of the law made in good faith. Such conduct does not give rise to a CPA claim whenever a court rules that a party's interpretation of the law is incorrect. Mr. Rinehart has not established that LINA's representation that ERISA applied to his plan was an unfair or deceptive practice, or that it caused him injury. Accordingly, Plaintiff's Motion For Summary Judgment on the Consumer Protection Act Claim [Dkt. #51] is DENIED WITH PREJUDICE.

Dated this 4th day of August, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE